**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **MICHAEL GORDON CROUCH** | ) | **Case No.** |
| **Plaintiffs.** | ) | |
| | ) | |
| **versus** | ) | |
| | ) | |
| **LAKEVIEW LOAN SERVICING, LLC,** | ) | |
| **& LOANCARE, LLC** | ) | |

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Michael Gordon Crouch (the "Plaintiff"), and makes this Complaint for Damages against Defendants named herein, and states as follows:

1.

Made defendants herein are

a. Lakeview Loan Servicing, LLC, a Florida corporation in good standing to do business in Louisiana, and

b. CENLAR Central Loan Administration and Reporting, a New Jersey corporation in good standing to do business in Louisiana, and

LoanCare, L.L.C., a Virginia corporation in good standing to do business in Louisiana.

2.

Lakeview Loan Servicing, LLC (Lakeview) is residential mortgage lender engaged in the business of servicing home mortgage loans.

3.

Lakeview was the holder of Loan #995442 (FHA case #221-5381453-703-203B), which is a home mortgage loan on property located at 24308 Michel Dr., Ponchatoula, LA 70454 (the "Property").

4.

CENLAR is engaged in the business of subservicing mortgage loans, and provided such service for Lakeview in collecting and applying payments from the plaintiff to loan #995442 between the dates of December 01, 2015 until July 05, 2016.

5.

LoanCare is also engaged in the business of subservicing mortgage loans, and provided this service to Lakeview in collecting and applying payments form the plaintiff to loan #995442 between the dates of July 05, 2016 until May 2019.

6.

Plaintiff is a resident of Tangipahoa Parish, Louisiana, and at all time hereto was a mortgage holder against Lakeview.

Jurisdiction and Venue

7.

Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332 and 1334.

8.

Venue of this Court is proper pursuant to 28 U.S.C. § 1391(b)(2).

9.

The original Security Instrument (the Mortgage), executed 10/09/2015, named Republic State Mortgage, Co. as the Lender and MERS as the nominee for Lender. Service of the Mortgage was transferred to CENLAR on 12/1/2015, and again on 07/05/2016 to LoanCare, LLC, who provided service through 2019. The mortgage was assigned, by MERS, to Lakeview Loan Servicing, LLC on 10/27/2017.

10.

The Mortgage specifies that Plaintiff is required to hold both Hazard Insurance and MMI, and specifically excludes Private Mortgage Insurance (PMI/MIP).

11.

Immediately after the loan was transferred to CENLAR, in December 2015, Plaintiff began experiencing errors in the application of his monthly payments. Plaintiff's transaction history shows payments made that never manifested on the monthly statement sent by CENLAR, the amount held in the Escrow Balance was improperly calculated, and Plaintiff's Transaction Activity regularly listed "MIP/PMI DISB" despite the clear exclusion of Private Mortgage Insurance from Plaintiff's Mortgage.

12.

Plaintiff's Escrow Balance changed irregularly in response to Plaintiff's monthly payments, with rises or drops in unexplained amounts not reflective of the payment breakdown detailed in the Mortgage or the amount of each payment made by Plaintiff. For example: on the statement from 06/06/16, under the section labeled "Account Information", Plaintiff's Escrow Balance is $1,327, but under the section labeled "Past Payments Breakdown", Plaintiff is determined to have paid $2,638.08 to Escrow for the year .

13.

Mismanagement of Plaintiff's mortgage did not abate with the transfer to LoanCare in July of 2016. Plaintiff consistently received statements with errors, such as improper debits for "MIP/PMI Disbursements", incorrect calculation of Plaintiff's Escrow Balance, and inaccurate assessment of fees.. Examples include: on Plaintiff's first statement from LoanCare, received on or about 07/19/2016, two debits are listed for "MIP/PMI Disbursements", both on 6/29/2016; the statement from 12/16/2016 notes that Plaintiff has paid $3,904.32 year-to-date, and yet the Escrow Balance listed is only $336.66. LoanCare also applied the incorrect amount to Plaintiff's Parish Taxes, causing them to overpay.

14.

Beginning in September 2016, when Plaintiff had missed one month's payment, LoanCare sent Plaintiff the application for Mortgage Assistance, and continued sending the application on semi-regular basis until eventually moving to foreclose.

15.

Plaintiff prepared and submitted the documents needed for the Mortgage Assistance application on or about 04/29/2017. LoanCare did not respond to Plaintiff's submitted documents and application until 10/03/2017, at which point a letter confirmed only receipt of Plaintiff's application, not the status of said application.

16.

On October 06, 2017, LoanCare notified Plaintiff that his application had been deemed incomplete, and he would need to supply additional documentation by 11/06//2017. Plaintiff supplied the necessary documents on 10/10/2017, and complied with further request for additional financial records on 10/30/2017. Despite Plaintiff's actual compliance in producing

the majority of requested documents and best-faith efforts to produce all other requested financial records, LoanCare notified Plaintiff on 12/04/2017 that his request for Mortgage Assistance had been denied for failure to supply required documentation in a timely manner.

17.

In response, Plaintiff again submitted the Mortgage Assistance application in December 2017, along with a letter explaining his troubles with LoanCare's refusal of partial payments, losing or claiming to have never received financial documents sent by Plaintiff, and improperly handling the Parish taxes for the property. LoanCare responded by notifying Plaintiff that his application was again deemed incomplete, and required that he submit additional documents by 01/25/2018. Plaintiff did so, and was notified that his application had been accepted on 01/17/2018. After Plaintiff spent nearly a full year submitting Mortgage Assistance applications and supporting documentation, LoanCare offered only a Forbearance Plan beginning 3/1/2018 and lasting 12 months.

18.

During the nearly 12 full months that Plaintiff spent applying for Mortgage Assistance, LoanCare continued sending intimidating letters that threatened Plaintiff with loss of his home due to his mortgage being in default. Furthermore, during the period of Plaintiff's Forbearance Plan, these letters began again in response to Plaintiff's continued financial struggle as a result of LoanCare's poor handling of his mortgage account.

19.

LoanCare further complicated the Mortgage Assistance program by assigning to Plaintiff two different Mortgage Resolution Advocates, one on October 05, 2017 and the other on December 19, 2017.

20.

In addition to mishandling Plaintiff's Mortgage Assistance application for nearly a year, LoanCare regularly sent Plaintiff statements that contained errors. When Plaintiff began experiencing financial difficulty, in May 2017, and was unable to make his monthly mortgage payments, LoanCare, of course, began tracking his missed payments and assessing fees in response to late/missed payments. However, LoanCare consistently misrepresented the Total Amount Due by miscalculating both the Past Due Payments and the Fees and Charges.

COUNT 1

21.

Plaintiff restates and realleges each and every allegation as if fully set forth herein.

22.

Defendant LoanCare has committed fraud against Plaintiff by taking nearly 9 full months to process Plaintiff's Mortgage Assistance application.

23.

Defendant LoanCare has delayed and frustrated the Mortgage Assistance program by continually and constantly requesting documentation that was already provided, changing agents, and making Plaintiff submit entirely new applications on more than one occasion.

24.

Defendant LoanCare's conduct in telling Plaintiffs that their home was in danger of foreclosure, requesting the same documentation numerous times, and failing to process the requested documents provided by Plaintiff has caused Plaintiff damages in mental distress and anguish, and the commencement of foreclosure proceedings against Plaintiff's home.

COUNT 2

25.

Plaintiff restates and realleges each and every allegation as if fully set forth herein.

26.

Defendants Lakeview, CENLAR, and LoanCare have breached the original mortgage contract with Plaintiff.

27.

Defendants Lakeview, CENLAR, and LoanCare have not properly applied payments made by Plaintiff to his mortgage, have refused to accept partial payments, have wrongfully charged Plaintiff for private mortgage insurance, and have improperly shown that Plaintiff has over $23,000 of arrears on his mortgage, when in fact, the actual amount owed is far less.

28.

Plaintiff reasonably relied on the Defendants' representations, and has suffered actual damages in the wrongful foreclosure of his home.

COUNT 3

29.

Plaintiff restates and realleges each and every allegation as if fully set forth herein.

30.

Defendants CENLAR and LoanCare are liable to Plaintiff for embezzlement. Defendants have consistently misapplied Plaintiff's mortgage payments, misappropriated escrow funds, and miscalculated fees. Defendants have obtained Plaintiff's money and are using Plaintiff's payments for their own purposes, without properly applying those payments to Plaintiff's mortgage account balance.

COUNT 4

31.

Plaintiff restates and realleges each and every allegation as if fully set forth herein.

32.

Defendant LoanCare is liable to Plaintiffs for actual negligence.

33.

Plaintiffs have made their mortgage payments to Defendant, and Defendant has negligently misapplied or misused Plaintiff's payments to the detriment of Plaintiff, and to date of this lawsuit has still not properly applied or accounted for the amounts due under the Plaintiff's loan.

34.

Furthermore, LoanCare's Mortgage Assistance program is so flawed that the process is unable to result in a timely and efficient handling of the loan modification process, which did in fact cause damages to the Plaintiff in the form of emotional distress, anguish, and attempted foreclosure of the home. LoanCare also changed Plaintiff's monthly payment amount more than once, without input from the Plaintiff, and failed to properly assess Plaintiff's property taxes.

COUNT 5

35.

Plaintiff restates and realleges each and every allegation as if fully set forth herein.

36.

Defendant LoanCare is liable for mental anguish and emotional distress for their numerous harassing collection letters. Despite Plaintiff making his best effort to submit regular monthly mortgage payments and to comply with the Mortgage Assistance application process,

Defendant LoanCare continued to contact, harass, and breach the peace of Plaintiff's home by demanding payments that were already made, misapplied, or in the process of being modified.

WHEREFORE, Plaintiff prays that after due proceedings be had that there be a judgement in their favor against the Defendants, for all damages as are reasonable in the premises, together with legal interest thereon from judicial demand until finally paid, attorneys fees, for all costs of these proceedings, and for such other and further relief as the Court shall deem necessary and proper.

Respectfully submitted,

DAVID S. MOYER, L.L.C.

DAVID S. MOYER (#28166)
13551 River Road
Luling, LA 70070
985-308-1509
985-308-1521 (Fax)
Email: davidmoyerlaw@gmail.com

PLEASE SERVE:
**Lakeview Loan Servicing LLC,**
Through their registered agent:
Corporation Service Company
501 Louisiana Ave.
Baton Rouge, LA 70802