UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL GORDON CROUCH | CIVIL ACTION |
| VERSUS | NO: 20-2716 |
| LAKEVIEW LOAN SERVICING, LLC ET AL. | SECTION: "J" (5) |

### ORDER AND REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 11)** filed by Defendants, Lakeview Loan Servicing, LLC and LoanCare, LLC, Plaintiff, Michael Gordon Crouch, opposes the motion. (Rec. Doc. 14). Defendants filed a reply (Rec. Doc. 18). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL HISTORY[1]

On October 9, 2015, Plaintiff granted a mortgage (hereinafter referred to as the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Republic State Mortgage, Co. The servicing of the Mortgage was transferred to Loancare in July of 2016, and the Mortgage was assigned to Lakeview on October 27, 2017. In the Mortgage, Plaintiff agreed to escrow in his monthly payments due all taxes, insurance, and the monthly charge for mortgage insurance

---

[1] This recitation of facts was primarily taken from Defendants' memorandum in support of their motion to dismiss (Rec. Doc. 11-1).

1

("PMI") if the lender had to pay mortgage insurance to the Secretary of Housing and Urban Development ("HUD"). At the time of origination of the Mortgage, HUD required PMI on the mortgage loan and Plaintiff executed a certificate that provided him notice of the monthly PMI premium of $132.31.

Less than a year after origination of the loan, Plaintiff defaulted on the payments due under the Mortgage in September 2016. After Plaintiff applied for mortgage assistance, Loancare informed Plaintiff that the submission was incomplete, and he was denied due to his failure to supply the required documentation. After Plaintiff submitted further applications from December 2017 to January 2018, Loancare confirmed that a complete application had been received, and granted Plaintiff a forbearance plan starting March 2018 and lasting one year.

Over two years after he was granted loss mitigation assistance, on October 5, 2020, Plaintiff filed his Complaint against Defendants. In his complaint, Plaintiff contends: (i) that Defendants improperly charged him PMI, which he claims was not permitted by the Mortgage; (ii) incorrectly calculated the escrow balance; (iii) assessed inaccurate fees; (iv) improperly deemed his loss mitigation applications incomplete; (v) sent him letters threatening him with the loss of his home; (v) refused to accept partial payments; (vi) and assigned two different Mortgage Resolution Advocates. As a result of these alleged actions, Plaintiff asserts five claims: (1) fraud; (2) breach of contract; (3) embezzlement; (4) negligence; and (5) mental anguish and emotional distress.

In response, Defendants filed the instant motion to dismiss, arguing that Plaintiff's fraud, embezzlement, negligence, and mental anguish and emotional distress claims are barred by liberative prescription. In the alternative, Defendants argue that Plaintiff's fraud, negligence, and mental anguish and emotional distress claims are barred by Louisiana's Credit Agreement Statute. Finally, Defendants argue that Plaintiff's claims should be dismissed because they lack merit.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citations omitted). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-

3

pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

As a preliminary matter, the opposition filed by Plaintiff only addresses Defendants' prescription argument. Courts in the Fifth Circuit have held that "failure to respond to arguments constitutes abandonment or waiver of the issue." *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013). Nevertheless, the Court will evaluate the merits of Defendants' uncontested arguments for dismissal.

Plaintiff claims that his injuries arise from Defendants' failure to process his loss mitigation application in the timeframe that he alleges the parties agreed to. Louisiana's Credit Agreement Statute bars all claims on a credit agreement "unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." La. R.S. 6:1122. An oral promise to modify or forbear a credit agreement must be in writing. *See Loraso v. JPMorgan Chase Bank, N.A.*, No. 13–4734, 2013 WL 5755638 (E.D. La. Oct. 23, 2013). Since Plaintiff has failed to produce a written agreement stipulating such a

4

time frame that was signed by the parties, Plaintiffs fraud, negligence, and mental anguish and emotional distress claims should be dismissed.

Further, Plaintiff's complaint is insufficient to state a claim for breach of contract. In order to state a claim for breach of contract, the plaintiff must allege the breach of a specific provision. *See Loque v. Allstate Ins. Co.*, 314 F.3d 776, 783 (5th Cir. 2002). In this case, Plaintiff's only specific allegation is that the PMI was impermissible under the terms of the Mortgage. However, the mortgage clearly states that Plaintiff agreed to escrow in his monthly payment for mortgage insurance if the lender was required to pay mortgage insurance to the Secretary of Housing and Urban Development. (Rec. Doc. 11-2, at p. 6). Since HUD required PMI on the mortgage loan, Plaintiff executed a certificate that provided him notice of the monthly PMI premium. (Rec. Doc. 11-3). Accordingly, Plaintiff has failed to allege a claim for breach of contract because the contract specifically contemplated payment of PMI insurance in this instance, and Plaintiff executed a certificate that provided notice that he would be required to pay PMI premiums.

Finally, Plaintiff failed to state a claim for conversion. As a preliminary issue, the Court notes that Plaintiff alleged that Defendants engaged in the tort of embezzlement; however, Louisiana does not recognize a cause of action for embezzlement. *Aerotek, Inc. v. Revenue Cycle Mgmt., Inc.*, No. CIV.A. 08-4638, 2012 WL 860373, at *7 (E.D. La. Mar. 13, 2012). The Court assumes that Plaintiff intended to allege that Defendants were engaged in the tort of conversion.

"In order to prevail on a claim of conversion under Louisiana law, the plaintiff

must prove that (1) he owned or had the right to possess; (2) the defendant's use was inconsistent with the plaintiff's right of ownership; and (3) the defendant's use constituted a wrongful taking." *Gaunt v. Louisiana Citizens Property Ins. Corp.*, 512 F.Supp.2d 493, 498 (E.D. La. 2007). When the owner consents to the taking of property, he has no cause of action for conversion. *Id.* In this case, the PMI certificate is evidence that Plaintiff consented to the collection of PMI premiums. Accordingly, Plaintiff has failed to state a claim for "embezzlement" or conversion.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's *Motion to Dismiss* **(Rec. Doc. 11)** is **GRANTED**, and all claims in the above-captioned matter are hereby **DISMISSED with prejudice**.

New Orleans, Louisiana, this 11th day of March, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE